IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| Brittany Bowman, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Weltman, Weinberg & Reis Co., LPA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NATURE OF ACTION

1. Plaintiff Brittany Bowman ("Plaintiff") brings this action against Defendant Weltman, Weinberg & Reis Co., LPA. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer tangible and intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the

1

protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

7. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

8. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton*

*v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

9. Plaintiff is a natural person who at all relevant times resided in the State of Ohio, County of Richland, and City of Shelby.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account with Discover, referenced by Defendant's file number 040474402 (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. Plaintiff and Defendant reached a settlement agreement with respect to the Debt, whereby Defendant agreed to accept payments of $150.00/month in settlement of the Debt, and that Defendant would not take any action to collect on the Debt while payments were being made.

17. The settlement agreement between the parties was reduced to a consent judgment, which provided, in relevant part: "It is further agreed that no execution shall issue on the Judgment, including the filing of a Judgment Lien, so long as [Ms. Bowman] maintains payments in the amount of $150.00 per month. . . ."

18. Motivated in part by Defendant's agreement not to execute on the judgment or file a lien, Plaintiff agreed to the settlement and maintained timely payments on the Debt in accordance with the settlement agreement.

19. However, on or about July 6, 2020, Defendant subsequently filed, or caused to be filed, a judgment lien with respect to the Debt.

20. Plaintiff became aware that Defendant had filed a judgment lien when she was attempting to refinance her home.

21. Plaintiff was informed by the lender that they could not go through with the loan process because of the lien.

22. Therefore, by breaking its agreement and filing the judgment lien, Defendant caused Plaintiff to lose the opportunity for credit.

23. As a result of Defendant's actions, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, detriment to Plaintiff's character and personal reputation, and other damages.

24. The personal humiliation, embarrassment, mental anguish, emotional distress, detriment to Plaintiff's character and personal reputation, and other damages that Plaintiff suffered was a natural consequence of Defendant's actions.

25. The personal humiliation, embarrassment, mental anguish, emotional distress, detriment to Plaintiff's character and personal reputation, and other damages that Plaintiff suffered as a result of Defendant's actions constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

26. Plaintiff repeats and re-alleges each factual allegation above.

27. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

28. This includes the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

29. "To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has no legal authority, would defy the very purposes of the section, one of which is to prevent 'use of ... false ... means in connection with the collection of any debt.'" *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) (emphasis in original) (quoting 15 U.S.C. § 1692e).

30. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

5

31. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

32. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by taking an action it could not legally take or otherwise falsely representing that it would not file a judgment lien, and then filing a judgment lien against Plaintiff anyway.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

33. Plaintiff repeats and re-alleges each factual allegation above.

34. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

35. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

36. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect the Debt, including by breaching the terms of the consent judgment when it filed a judgment lien against Plaintiff, despite agreeing not to and despite Plaintiff being current in all obligations under the agreement.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 29, 2021

                                            Respectfully submitted,

                                            _____

                                            McCarthy Law PLC
                                            4250 N. Drinkwater Blvd. Ste. 320
                                            Scottsdale, AZ 85251
                                            Phone: 602-456-8900
                                            Fax: 602-218-4447
                                            litigation@mccarthylawyer.com
                                            Attorney for Plaintiff